RAYMOND NARDO, Esq.
RAYMOND NARDO, P.C.
129 Third St
Mineola, NY 11501
(516) 248-2121
Nardo@Raynardo.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Elias Victoriano**,** David Salazar Rincon**,** Edgar Ruiz**,** Victor Cipriano**,**<br><br>Plaintiffs,<br><br>--against—<br><br>Locanut, Inc., Bella Palterovich, an individual,<br><br>Defendants. | **COMPLAINT** |

Plaintiffs, Elias Victoriano, David Salazar Rincon, Edgar Ruiz, and Victor Cipriano, ("Plaintiffs") by counsel, RAYMOND NARDO, P.C., upon personal knowledge, complaining of defendants, Locanut, Inc. and Bella Palterovich, jointly and severally (collectively referred herein as "defendants") allege:

## NATURE OF THE ACTION

1. This action seeks to recover unpaid overtime and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL") on behalf of Plaintiffs.

2. Defendants deprived Plaintiffs of the protections of the FLSA and NYLL by failing to pay premium overtime pay for all hours worked in excess of 40 hours per week.

## JURISDICTION

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

6. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391 because the corporate defendant is located there and the cause of action arose there.

## THE PARTIES

**Plaintiff**

7. Defendants employed Plaintiff Elias Victoriano as a Line Cook to perform the following duties from on or about October 2023 through May 8, 2024: prepare and make salads and meals and clean kitchen and kitchen appliances.

8. Plaintiff Elias Victoriano was not exempt from the FLSA.

9. Defendants employed Plaintiff Elias Victoriano 6 days per week, except 5 days per week for the last two months, for approximately 45-50 hours each week, depending on Plaintiff's work schedule.

10. Defendants paid Plaintiff Elias Victoriano as follows: $24 per hour for all hours worked.

11. Defendants did not pay Plaintiff Elias Victoriano premium overtime pay for hours worked in excess of 40 hours per week.

12. Plaintiff Elias Victoriano was not permitted an uninterrupted half hour for required meal breaks.

13. Defendants employed Plaintiff David Salazar Rincon as a Line Cook to perform the following duties from on or about August 2023 through May 8, 2024: prepare and make salads and meals and clean kitchen and kitchen appliances.

14. Plaintiff David Salazar Rincon was not exempt from the FLSA.

15. Defendants employed Plaintiff David Salazar Rincon 6 days per week, except 5 days per week for the last two months, for approximately 45-50 hours each week, depending on Plaintiff's work schedule.

16. Defendants paid Plaintiff David Salazar Rincon as follows: $24 per hour for all hours worked.

17. Defendants did not pay Plaintiff David Salazar Rincon premium overtime pay for hours worked in excess of 40 hours per week.

18. Plaintiff David Salazar Rincon was not permitted an uninterrupted half hour for required meal breaks.

19. Defendants employed Plaintiff Edgar Ruiz as a Line Cook to perform the following duties from on or about October 2023 through May 8, 2024: prepare and make salads and meals and clean kitchen and kitchen appliances.

20. Plaintiff Edgar Ruiz was not exempt from the FLSA.

21. Defendants employed Plaintiff Edgar Ruiz 6 days per week, except 5 days per week for the last two months, for approximately 45-50 hours each week, depending on Plaintiff's work schedule.

22. Defendants paid Plaintiff Edgar Ruiz as follows: $24 per hour for all hours worked.

23. Defendants did not pay Plaintiff David Salazar RinconEdgar Ruiz premium overtime pay for hours worked in excess of 40 hours per week.

24. Plaintiff Edgar Ruiz was not permitted an uninterrupted half hour for required meal breaks.

25. Defendants employed Plaintiff Victor Cipriano as a dishwasher to perform the following duties from on or about September 2023 through current: washing dishes, cleaning the kitchen, organizing and putting out the garbage .

26. Plaintiff Victor Cipriano was not exempt from the FLSA.

27. Defendants employed Plaintiff Victor Cipriano 6 days per week, for approximately 48 to 50 hours each week, depending on Plaintiff's work schedule.

28. Defendants paid Plaintiff Victor Cipriano as follows: $15 per hour in 2023 and $16 per hour in 2024.

29. Defendants did not pay Plaintiff Victor Cipriano premium overtime pay for hours worked in excess of 40 hours per week.

30. Plaintiff Victor Cipriano was not permitted an uninterrupted half hour for required meal breaks.

31. Each Plaintiff was an "employee" of defendants within the meaning of the FLSA and the NYLL.

**Defendants**

32. Defendant Locanut, Inc., is a New York corporation with its principal executive office located at 361 W 17th St, New York, NY 10011 in the County of Manhattan.

33. Defendants operate a restaurant located in Manhattan County, New York.

34. Defendant Locanut, Inc. is in the Hospitality business.

35. Defendant Locanut, Inc. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.  Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including  salad, wraps, organic food, bottled water, chips, lettuce, beef, chicken, nuts, omputers, tables, and chairs, and (2) an annual gross volume of sales in excess of $500,000.

36. Defendant Locanut, Inc. is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed Plaintiff.

37. Defendant Bella Palterovich is an owner and/or officer of Locanut, Inc.  Defendant Bella Palterovich  exercises sufficient control over the corporation's operations to be considered Plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein, established and exercised authority regarding Defendants' employment and pay practices.

38. At all relevant times, Bella Palterovich  has maintained control, oversight, and direction over Plaintiff because Bella Palterovich  hired Plaintiff, terminated Plaintiff, and set Plaintiff's rate of pay.

39. The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, or joint employer, within the meaning of the FLSA.

**DEFENDANTS' FAILURE TO PAY PREMIUM OVERTIME PAY**

40. Defendants suffered or permitted Plaintiffs to work more than 40 hours per week, without paying Plaintiffs premium overtime pay at the rate of time and one half for hours worked in excess of 40 hours per week.

### DEFENDANTS' VIOLATIONS OF THE
### WAGE THEFT PREVENTION ACT

41. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with a written notice of wage rates within ten days of the time of hire and when the wage rate is increased.

42. Defendants failed to furnish Plaintiffs with wage notices as required by § 195(1) of the Labor Law.

43. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with an accurate statement accompanying every payment of wages, which lists the name and phone number of the employer, regular rate of pay, overtime rate of pay, regular hours worked, overtime hours worked, gross wages, net wages, and additional information.

44. Defendants also failed to furnish Plaintiffs with accurate statements of wages, as required by § 195(3) of the Labor Law.

### FIRST CAUSE OF ACTION
### (FLSA – Unpaid Overtime Pay)

45. Plaintiffs reallege, and incorporate by reference, all previous allegations as though fully set forth herein.

46. At all times relevant, each Plaintiff was an "employee" within the meaning of 29 U.S.C. §§ 201 *et seq*.

47. At all times relevant, Defendants have been employers of Plaintiffs, engaged in

commerce and/or the production of goods for commerce, within the meaning of 29 U.S.C. §§ 201 *et seq.*

48. Defendants have failed to pay Plaintiffs premium overtime pay, to which Plaintiffs are entitled under the FLSA.

49. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

50. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

51. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

52. As a result of Defendants' willful violations of the FLSA, Plaintiffs have suffered damages by being denied overtime pay in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**SECOND CAUSE OF ACTION**
**(NYLL – Unpaid Overtime)**

53. Plaintiffs reallege, and incorporate by reference, all previous allegations as though fully set forth herein.

54. Defendants are "employers" within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and Defendants therefore employed Plaintiffs.

55. Defendants have engaged in a widespread pattern, policy, and practice of violating the

NYLL, as detailed in this Complaint.

56. At all times relevant, each Plaintiff was an employee of Defendants, and Defendants have been employers of Plaintiffs within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

57. Defendants have failed to pay Plaintiffs premium overtime pay to which Plaintiffs are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

58. Through their knowing or intentional failure to pay overtime to Plaintiffs, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

59. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover from defendants unpaid overtime and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Notices)

60. Plaintiffs reallege, and incorporate by reference, all previous allegations as though fully set forth herein.

61. Defendants have willfully failed to supply Plaintiffs with a wage notice, as required by NYLL, Article 6, § 195(1), in English, or in the language identified by Plaintiffs as their primary language, containing Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if

different; the telephone number of the employer; plus such other information as the commissioner has deemed material and necessary.

62. Through their knowing or intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

63. Due to Defendants' violation of NYLL § 195(1), Plaintiffs are entitled to recover from Defendants liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## FOURTH CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Statements)

64. Plaintiffs reallege, and incorporate by reference, all previous allegations as though fully set forth herein.

65. Defendants have willfully failed to supply Plaintiffs with an accurate statement of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

66. Through their knowing or intentional failure to provide Plaintiffs with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

67. Due to Defendants' violation of NYLL § 195(3), Plaintiffs are entitled to recover from the Defendants liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter a judgment:

a. Declaring that Defendants have violated the overtime pay of the FLSA, and supporting United States Department of Labor Regulations;

b. declaring that Defendants have violated the overtime provisions of the NYLL, and supporting regulations;

c. declaring that Defendants have violated the Wage Theft Prevention Act;

d. declaring that Defendants' violations of the FLSA were willful;

e. declaring that Defendants' violations of the NYLL were willful;

f. awarding Plaintiff damages for all unpaid wages;

g. awarding Plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

h. awarding damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

i. awarding Plaintiff liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

j. issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

  k. awarding Plaintiff pre-judgment and post-judgment interest under the FLSA and the NYLL;

  l. granting an injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

  m. awarding Plaintiffs reasonable attorneys fees' and costs pursuant the FLSA and the NYLL;

  n. awarding such other and further relief as the Court deems just and proper.

Dated: Mineola, NY
    May 10, 2024

            RAYMOND NARDO, P.C.

          By: _____
            RAYMOND NARDO, ESQ.
            129 Third St
            Mineola, NY 11501
            (516) 248-2121
            Nardo@Raynardo.com
            *Counsel for Plaintiff*